UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICHAEL STEPHEN WOOLLS, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 1:23cv863 (RDA/WEF) <br> ) |
| CLAIVE J. WILLIS et al., | ) <br> ) |
| Defendants. | ) <br> ) |

**REPORT & RECOMMENDATION**

This matter comes before the Court on *pro se* Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Dkt. 2). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends dismissing Plaintiff's Complaint and denying as moot Plaintiff's IFP Motion.

I. Applicable Law and Standard of Review

28 U.S.C § 1915(e)(2) requires federal district courts to review the sufficiency of initial pleadings in cases in which a plaintiff seeks to proceed *in forma pauperis*. *See Eriline Co. S.S. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006); *Mallett v. Disney Enterprises*, No. 1:21-CV-616 (RDA/JFA), 2021 WL 5505085, at *1 (E.D. Va. Nov. 24, 2021). Section 1915(e)(2)(B) also compels a court to dismiss a case if it "determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The objective of this statute is to "discourage the filing of [frivolous and meritless actions], and [to avoid] wast[ing] judicial and private resources . . ." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is frivolous if it

consists of "clearly baseless" allegations that are "fanciful," "fantastic," or "delusional." *See id.* at 325-29.

The standards for dismissal pursuant to section 1915(e)(2)(B)(ii) are the same as those for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mallett v. Disney Enterprises*, No. 1:21-CV-616 (RDA/JFA), 2021 WL 5505085, at *1 (E.D. Va. Nov. 24, 2021) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). Thus, to survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Further, "a judge must accept as true all of the factual allegations contained in the complaint" and accord a liberal construction to a *pro se* litigant's pleadings. *Mallett v. Disney Enterprises*, No. 1:21-CV-616 (RDA/JFA), 2021 WL 5505085, at *1 (E.D. Va. Nov. 24, 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## II.  The Complaint

On July 3, 2023, Plaintiff filed a Complaint (Dkt. 1, "Compl.") and an IFP Motion.[1] (Dkt 2). Plaintiff filed his Complaint using a form designated "Pro Se 1," a preprinted document published by the Administrative Office of the Courts and approved for use by *pro se* litigants to file civil cases in federal courts. In the Complaint, Plaintiff does not explicitly plead a basis for federal question jurisdiction pursuant to 28 U.S.C § 1331, but in the section of form Pro Se 1 reserved for explaining the amount in controversy to satisfy diversity jurisdiction under 28 U.S.C

---

[1] Because the undersigned recommends dismissal of the Complaint pursuant to 28 U.S.C § 1915(e)(2), this Report and Recommendation does not address the merits of the IFP Motion. If, however, the Court does not adopt this Report and Recommendation, the undersigned intends to deny the IFP Motion without prejudice and permit Plaintiff to refile the Motion to address material inconsistencies in the financial information provided in his application.

§ 1332, Plaintiff states "Hippa Law's." (Compl., at 3, 4).[2] Liberally construing the Complaint, the undersigned finds that the phrase "Hippa Law's" may reasonably be understood to allege a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), Pub. L. No. 104-191, 110 Stat. 1936 (codified at 42 U.S.C. § 1320(d) *et seq.*), constituting a claim arising under federal law and thereby conferring subject matter jurisdiction over this case.

However, Plaintiff fails to allege any facts in support this claim. Section III of form Pro Se 1 directed Plaintiff as follows:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

In response, Plaintiff simply wrote, "$250,000,000.00." Plaintiff alleged no facts in support of his claim. Thus, the Complaint as filed entirely fails to state a claim upon which relief can be granted. On August 16, 2023 - 44 days after the filing of the Complaint - Plaintiff filed a one paragraph "Letter to the Court" in which he seems to allege a cause of action resulting from an Alexandria "caseworker . . . therapist" advising a state court judge of an injury sustained by Plaintiff "at the age of 6." (Dkt. 3). The information was apparently provided to the judge as part of a review of Plaintiff's probation and done so without Plaintiff's consent. *Id.* Even when read together, the Complaint and the letter to the Court do not contain sufficient factual allegations to permit the Court to determine whether Plaintiff has a colorable claim, nor does Plaintiff cite any statute or rule that might support his claim for relief. In particular, Plaintiff fails to allege how the

---

[2] Plaintiff fails to sufficiently plead diversity jurisdiction because the Complaint alleges all parties are citizens of the Commonwealth of Virginia. (Compl., at 3).

HIPPA laws apply to a probation hearing, why the information provided to the court was subject to HIPPA, why an Alexandria City caseworker is subject to HIPPA, what these specific defendants did to violate HIPPA, when the alleged HIPPA violation occurred, how this conduct creates a private cause of action, and how Plaintiff was harmed by this conduct.  The undersigned, therefore, finds that even under the liberal standard afforded to *pro se* litigants, Plaintiff's Complaint cannot be reasonably read to state a claim upon which relief can be granted and appears otherwise frivolous.[3]

For the foregoing reasons, the undersigned recommends **DISMISSING** Plaintiff's Complaint (Dkt. 1) and **DENYING AS MOOT** Plaintiff's Motion for Leave to *Proceed In Forma Pauperis* (Dkt 2.)

### III.  Notice

The parties are notified that objections to these proposed findings of fact and recommendations must be filed within 14 days of service of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and a failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff and

---

[3] The undersigned notes that although the record is not fully developed on this point, as employees of an immune governmental entity, the Defendants are likely immune from civil liability.  *See* 28 U.S.C § 1915(e)(2)(iii); *see James v. Jane*, 221 Va. 43 (1980); *Messina v. Burden*,  228 Va. 301 (1984); and *McDonald v. Hoard*, 48 Va. Cir. 421(Charlottesville 1999).

all counsel of record.

                                                                         *William E. Fitzpatrick*
                                                                         WILLIAM E. FITZPATRICK
                                                                         UNITED STATES MAGISTRATE JUDGE

September 20, 2023
Alexandria, Virginia